**Electronically Filed
Intermediate Court of Appeals
30095
23-SEP-2011
08:15 AM**

NO. 30095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DWAYNE N. BETSILL; JANET R. BETSILL; RANDALL BETSILL;
DOYLE G. BETSILL, Individually, and as Co-Trustee of
The Doyle G. Betsill, Jr. Trust dated July 28, 2006,
as amended and restated, and as Co-Trustee of The J. Lee
Guthrie Trust dated July 28, 2006, as amended and restated;
J. LEE GUTHRIE, Co-Trustee of The Doyle G. Betsill, Jr.
Trust dated July 28, 2006, as amended and restated, and
Co-Trustee of The J. Lee Guthrie Trust dated July 28, 2006,
as amended and restated; MATTHEW LLC, a Hawaii limited
liability company; RDD LLC, a Hawaii limited liability
company; KOOLAU CATTLE COMPANY LLC, a Hawaii limited
liability company; BETSILL BROTHERS CONSTRUCTION, INC.,
a Hawaii corporation; WRIGHT & KIRSCHBRAUN, a Hawaii
limited liability law company; and DEBORAH K. WRIGHT,
Plaintiffs-Appellees,
v.
ERIC LIGHTER,
Defendant-Appellant,
and
MAHEALANI VENTURA-OLIVER, Individually and as Trustee
of the Irrevocable Trust of Alexander M. Birch;
OLIVER DUKELOW; JOHN D. OLIVER; JUANITA LEIMOMI SCHMITT;
MAHINAPIHA O HOKU E. VENTURA; DIAMOND CREDIT BUREAU,
INC.; GILBERT SCHMITT, Individually and by and through
his Attorney-In-Fact, Mahealani Ventura-Oliver;
RONA LEE K. VENTURA; ALII PU O LANI FOUNDATION;
PRINCESS RUTH KEELIKOLANI PERPETUITY TRUST;
KA HILINAI NO NAE KAMANA, EKAHI A ELUA; DOES 1-100,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0077(1))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Eric Lighter (Lighter) appeals from the Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) Judgment[1] (Judgment) filed on September 14, 2009 in the Circuit Court of the Second Circuit (circuit court).[2] The circuit court entered judgment in favor of Plaintiffs-Appellees Dwayne N. Betsill; Janet R. Betsill; Randall Betsill; Doyle G. Betsill, Individually, and as Co-Trustee of The Doyle G. Betsill, Jr. Trust dated July 28, 2006, as amended and restated, and as Co-Trustee of The J. Lee Guthrie Trust dated July 28, 2006, as amended and restated; J. Lee Guthrie, Co-Trustee of The Doyle G. Betsill, Jr. Trust dated July 28, 2006, as amended and restated, and Co-Trustee of The J. Lee Guthrie Trust dated July 28, 2006, as amended and restated; Matthew LLC, a Hawaii limited liability company; RDD LLC, a Hawaii limited liability company; Koolau Cattle Company LLC (Koolau Cattle), a Hawaii limited liability company; Betsill Brothers Construction, Inc., a Hawaii corporation; Wright & Kirschbraun, a Hawaii limited liability law company (W&K); and Deborah K. Wright (Wright) (collectively, Plaintiffs) and against Defendant-Appellees Mahealani Ventura-Oliver (Ventura-Oliver), Individually, as Trustee of the Irrevocable Trust of Alexander M. Birch, and as the Attorney-in-Fact for Gilbert Schmitt; Oliver Dukelow (Dukelow); John D. Oliver (Oliver); Juanita Leimomi Schmitt (J. Schmitt); Gilbert Schmitt (G. Schmitt); Princess Ruth Keelikolani Perpetuity Trust; Mahinapiha O Hoku E. Ventura; Rona Lee K. Ventura; Alii Pu O Lani

---

[1] Lighter also appeals from several interlocutory orders, but only the final Judgment gives this court jurisdiction in this case. Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2010); HRCP Rules 54(b) & 58; and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). However, "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (internal quotation marks and citation omitted).

[2] The Honorable Joel E. August presided.

Foundation; Ka Hilinai No Nae Kamana, Ekahi A Elua; Diamond Credit Bureau, Inc. (DCBI); and Lighter[3] (collectively, Defendants) as to all of Plaintiffs' claims.

It is difficult to discern Lighter's points on appeal because his opening brief falls far short of the requirements of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). Lighter fails to provide a concise statement of the points of error and generally fails to note "the alleged error committed by the court," "where in the record the alleged error[s] occurred," and "where in the record the alleged error[s were] objected to or . . . brought to the attention of the court." HRAP Rule 28(b)(4)(i)-(iii). Without providing any citations to the record, Lighter lists nine purported points of error at the beginning of his brief. Twenty-two pages later, he lists twelve "Material Issues of Fact in Dispute and Points of Error," five of which appear to be intended as additional points of error and some of which repeat points of error listed on the first page of his opening brief. Again, Lighter provides no citations to the record.

Lighter provides an extensive recounting of his version of Hawaiian history as it relates to the ownership of the property at issue. Much of Lighter's "Saga Restated" (his heading) contains supposed facts with few record references. Lighter appears to be providing this detailed genealogy and history of property distribution to support his proposition that the legal ownership of the property is in dispute. However, the question of title was resolved in 2003 in a quiet title action, Mahealani Ventura-Oliver v. Wailuku Agribusiness Co., et al., Civil No. 03-1-0186(3) (Ventura-Oliver v. Wailuku Agribusiness), in the circuit court.

---

[3] Although the first paragraph of the Judgment fails to list DCBI and Lighter as Defendants against whom judgment has been entered, the Judgment awards specific damages against DCBI and Lighter, and the final paragraph of the Judgment states that "Judgment is entered in favor of Plaintiffs and against all Defendants as to all of Plaintiffs' claims in this action."

Lighter's further noncompliance with Rule 28(b) includes his failure to attach to his opening brief copies of the Judgment and orders from which he is appealing. Plaintiffs pointed out this error in their answering brief, and Lighter attached the missing items to his reply brief.

Plaintiffs argue that because Lighter did not provide a copy of the transcript of the July 14, 2009 hearing on summary judgment that resulted in the Judgment and orders before us, this court lacks sufficient basis to review the circuit court's orders. We note that although a transcript was not requested, a full copy of the transcript is available in the record on appeal. Therefore, we are able to review the transcript as needed.

Because of Lighter's failure to comply with HRAP Rule 28(b), this court could refuse to consider his appeal as a sanction for his noncompliance. HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."); Housing Finance & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (such noncompliance is grounds for dismissal). However, recognizing the Hawai'i Supreme Court's policy to have appeals heard on their merits where possible, Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995), we have reviewed Lighter's appeal on its merits, of which we find none.

As best we can discern, Lighter's relevant points on appeal are as follows:

(1)  The circuit court erred in granting summary judgment because title to the disputed property is an open question. Also, the circuit court erred when it determined that Lighter and DCBI were in privity with the other defendants, precluding Lighter from raising the issue of title under the doctrine of res judicata.

(2)  The circuit court abused its discretion when it denied Lighter's Motion for Reconsideration because the circuit

4

court should have found that Plaintiffs had not complied with the requirements under the Rules of the Circuit Courts of the State of Hawai'i (HRCC) Rule 23 for filing their proposed orders, Lighter and DCBI had already released the property liens, and the summary judgment exceeded the scope of the circuit court's oral orders.

(3)   Plaintiffs were required under HRS § 507D-4 (2006 Repl.) to give Lighter notice before filing the Complaint.

(4)   Plaintiffs' claims were subject to HRS § 657-7 (1993), which sets forth a two-year statute of limitations for suits for damage to persons or property.

(5)   The circuit court abused its discretion in not finding a conflict of interest between Wright and W&K (counsel for Plaintiffs and Plaintiffs themselves) and the remainder of the Plaintiffs.

(6)   The circuit court abused its discretion when it awarded attorney's fees, costs, and damages to Plaintiffs.

None of these points have any merit whatsoever. Lighter makes other allegations of error, but he failed to raise such allegations below or argue them on appeal, or such allegations are equally without merit.

Therefore,

The Judgment filed on September 14, 2009 in the Circuit Court of the Second Circuit is affirmed.

DATED:   Honolulu, Hawai'i, September 23, 2011.

On the briefs:

Eric Lighter,
Defendant-Appellant pro se.

Deborah K. Wright
Keith D. Kirschbraun
(Wright & Kirschbraun)
for Plaintiffs-Appellees.

Presiding Judge

Associate Judge

Associate Judge

5